UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHULAMITH SCHOOL FOR GIRLS,<br><br>    Plaintiff,<br><br>against<br><br>MARYELLEN ELIA, COMMISSIONER OF EDUCATION, and THE STATE OF NEW YORK,<br><br>    Defendants. | CV     (     )<br><br>**COMPLAINT** |

    Shulamith School for Girls ("Shulamith") hereby complains of defendants, MaryEllen Elia, the New York State Commissioner of Education, and the State of New York, as follows:

    1. Shulamith School for Girls ("Shulamith") is a Jewish religious day school (yeshiva) located at 305 Cedarhurst Avenue, Cedarhurst, New York 11516.

    2. The Commissioner of Education MaryEllen Elia, and the New York State of Education Department are located at 89 Washington Avenue, Room 111, Albany, New York 12234.

    3. The State of New York is located c/o the Attorney General of the State of New York, 28 Liberty Street, 15th Floor, New York, New York 10005.

    4. This court has jurisdiction over this action in that it involves the interpretation and application of the First Amendment to the United States Constitution.

    5. Venue is proper in the Eastern District of New York where Plaintiff is located.

    6. In 2017 and 2018, Ilana and Nikolay Jinjihashvili applied to Shulamith for a religious exemption to the New York State vaccination requirements contained in New York

Public Health Law §2164, New York Education Law §914, and Department of Health Regulation 10 NYCRR §66-1.3.

7. The Jinjihashvilis explicitly asserted that their objections to vaccinations were made under Jewish law.

8. Shulamith denied the Jinjihashvili request for a religious exemption for, among other reasons, Shulamith's religious belief that it is a Torah commandment, supported by the Jewish law (halacha), as interpreted by the leading poskim (interpreters of Jewish law) that all children attending a Jewish day school must be vaccinated against communicable diseases such as measles.

9. Additionally, Shulamith advised the Jinjihashvilis that there is no basis in Jewish law or tradition for prohibiting or even discouraging vaccinations.

10. Shulamith denied the request for an exemption and, in accordance with Jewish and New York law, denied the Jinjihashvili children admission to Shulamith in November 2018.

11. The Jinjihashvilis appealed the denial of their request for a religious exemption to the Commissioner of Education of the State of New York.

12. Additionally, the Jinjihashvilis sought a stay of the denial so that their children could attend classes at Shulamith.

13. By Order dated January 15, 2019, the Commissioner granted the Jinjihashvili request for a stay and directed Shulamith to admit the Jinjihashvili children to classes.

14. By letter dated May 23, 2019, the Appeals Coordinator at the Office of Counsel of the Department Education wrote to Shulamith's attorney that the Commissioner's January 15, 2019 order extended to after-school and evening activities if they could be attended by vaccinated children.

2

15. The January 15, 2019 order of the Commissioner as well as the May 23, 2019 letter from the Appeals Coordinator violate the First Amendment (the Free Establishment of Religion Clause) of the United States Constitution.

16. Under the First Amendment and the Church Abstention Doctrine established thereunder, the Commissioner is and was precluded from entertaining the Jinjihashvili appeal, and both the January 15, 2019 Stay Order and May 23, 2019 letter violate the United States Constitution and are illegal, void and unenforceable.

## FIRST CLAIM FOR RELIEF

17. Plaintiff Shulamith repeats and realleges the allegations set forth in paragraphs 1 through 16 above.

18. By reason of the foregoing, Shulamith is entitled to a judgment declaring that the actions of the Commissioner in entertaining the appeal and in issuing the January 15, 2019 order are violative of the First Amendment to the Constitution and, therefore, are illegal and void *ab initio*.

19. An actual, present and justiciable controversy exists, and its determination will terminate the dispute.

## SECOND CLAIM FOR RELIEF

20. Plaintiff Shulamith repeats and realleges the allegations set forth in paragraph 1 through 19 above.

21. By reason of the foregoing, Shulamith is entitled to preliminary and permanent injunctive relief (a) prohibiting the Commissioner from entertaining the Jinjihashvili appeal and (b) vacating or directing the Commissioner to vacate the January 15, 2019 order.

22. Shulamith has not previously sought from this or any other court the relief requested herein.

WHEREFORE, Shulamith School for Girls respectfully requests that this Court enter an order (a) declaring that the consideration and/or determination by the Commissioner of Education of the State of New York of the Jinjihashvili appeal violates the First Amendment to the United States Constitution and the Church Abstention Doctrine, (b) directing the Commissioner to vacate the order of January 15, 2019, and to dismiss the petition and appeal of the Jinjihashvilis, (c) pending the resolution of this action, preliminarily enjoining the Commissioner from taking any action against Shulamith or in any manner attempting to enforce the Commissioner's January 15, 2019 order or taking any other action in the appeal by the Jinjihashvilis other than dismissing the appeal or denying the appeal under the First Amendment, the Church Abstention doctrine, or otherwise, and (d) granting to Shulamith its costs and such further relief as is just.

Dated: New York, New York
      May 28, 2019

PUTNEY, TWOMBLY, HALL & HIRSON LLP
*Attorneys for Shulamith School for Girls*

By _/s/ Philip H. Kalban_
   Philip H. Kalban (PK7271)
521 Fifth Avenue, 10th Floor
New York, New York  10175
pkalban@putneylaw.com
