UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHULAMITH SCHOOL FOR GIRLS,

    Plaintiff,

against

MARYELLEN ELIA, COMMISSIONER OF EDUCATION, and THE STATE OF NEW YORK,

    Defendants.

1:19-cv-03152 (    )

**DECLARATION IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

    Michelle (Malka) Fishman hereby declares under penalty of perjury as follows:

    1.    I am the Executive Director of Shulamith School for Girls ("Shulamith"), plaintiff in this action. I make this declaration in support of the motion of Shulamith for a preliminary injunction and temporary restraining order precluding and prohibiting the Commissioner of Education of the State of New York and the State Education Department from asserting jurisdiction over or deciding the petition of ███████ and ███████ on behalf of their minor children, seeking to appeal from the determination by Shulamith that the ███████ children must be vaccinated against communicable diseases as required by section 2164 of the New York Public Health Law in order to attend Shulamith.

    2.    The facts on this motion are set forth in Shulamith's Answer to the Petition of the ███████ on their appeal to the Commissioner of Education, a copy of which Answer is annexed hereto as Exhibit A, and in the affidavits I submitted to the Commissioner, attached as Exhibits 3 and 4 to the Answer.

3. As set forth in the Answer and my affidavits and in Shulamith's Memorandum in Opposition (the "Memorandum") to the Relief Requested by the ▮▮▮▮ and in Support of Shulamith's Motion to Dismiss the Petition, a copy of which Memorandum is annexed hereto as Exhibit B, Shulamith as an institution believes as a matter of Jewish religious law and belief, recognized and followed by Shulamith, that all children enrolled at Shulamith must have the vaccinations.

4. The ▮▮▮▮ had sought to avoid the New York State requirements to have their children vaccinated by asserting a claimed right under Jewish law to a religious belief exemption under Section 2164 of the Public Health Law.

5. Shulamith denied the requests and advised the ▮▮▮▮ that Jewish law and beliefs requires their children and all children to be immunized. Shulamith subscribes to and follows the Jewish religious requirement that all its students must be immunized.

6. As set forth in Point I of the Memorandum annexed hereto as Exhibit B, the Free Establishment of Religion Clause contained in the First Amendment to the United States Constitution, as interpreted by the courts of the United States and of New York, prohibits state involvement in the resolution of a dispute between the religious beliefs of a plaintiff and a defendant or a petitioner and a respondent, here the ▮▮▮▮ and Shulamith.

7. Accordingly, Shulamith moved the Commissioner to dismiss the ▮▮▮▮ petition and appeal, citing, *inter alia, In re Congregation Yetev Lev D'Satmar, Inc.*, 9 N.Y.3d 282 (2007), in which the New York Court of Appeals explicitly stated that the "First Amendment forbids civil courts from interfering in or determining religious disputes …."

8. By order dated January 15, 2019 (Exhibit C hereto), the Commissioner – prior to her receipt of the Memorandum of Shulamith, setting forth in detail the First Amendment Church

Abstention Doctrine prohibiting her involvement in the controversy – directed Shulamith to admit the ▮▮▮▮ children pending the ultimate determination of the appeal.

9. As this Court undoubtedly is aware, there is currently a measles epidemic in New York. By telephone call followed up by a letter dated May 16, 2019, Shulamith notified the ▮▮▮▮ that their unvaccinated daughter would not be allowed to attend an evening program on Tuesday, May 28, 2019, which would "be attended by grandparents, great grandparents, young children and pregnant women." *See* May 16, 2019 letter annexed hereto as Exhibit D. The letter further informed the ▮▮▮▮ that the evening program "is not a classroom or educational event and attendance has no impact on her grades."

10. The attorney for the ▮▮▮▮ sent a letter by fax to the "Office of Counsel" of the New York State Education Department on May 22, 2019, after 3 p.m., seeking a direction to Shulamith to permit the ▮▮▮▮ children to attend this evening program. *See* Exhibit E hereto.

11. Without inviting or awaiting a response from Shulamith, an "Appeals Coordinator" in the Office of Counsel of the State Education Department faxed to Shulamith's attorney a letter on May 23, 2019, at approximately 3 p.m., stating that "to the extent the students would be entitled to participate in any after school or extracurricular activities if they had all required immunizations, they are similarly entitled to attend such activities under the Stay Order granted on January 15, 2019." *See* Exhibit F hereto.

12. By fax dated May 23, 2019, to the Appeals Coordinator and to the ▮▮▮▮ lawyer, Shulamith's attorney sent a letter to the Commissioner requesting that she deny the ▮▮▮▮ request because the ▮▮▮▮ children had been readmitted in accordance with the January 15 Stay Order, because evening activities conducted at a religious school are not

within the general powers and duties of the Commissioner, especially where the evening activity is not a classroom or educational event, and because the ▇▇▇▇ appeal and the Commissioner's January 15, 2019 Stay Order are in conflict with Shulamith's religious beliefs "as set forth in its Answer to the Petition and Memorandum in Opposition submitted on the appeal." *See* Exhibit G hereto.

13. Although the Commissioner is without jurisdiction over this issue of attendance at an evening event, there is an implicit threat in the Appeals Coordinator's May 23 letter that the Commissioner will take action against Shulamith for purportedly violating the January 15, 2019 Stay Order when Shulamith's bars the unvaccinated child from attending the evening program.

14. Because the Commissioner's January 15, 2019 Stay Order and the Appeals Coordinator's May 23, 2019 letter are in violation of the Free Establishment Clause of First Amendment and of the Church Abstention Doctrine as fully set forth in Point I of the Memorandum, and because the evening event on May 28, 2019 will be attended by pregnant women, very young children, and senior citizens, there is a threat of immediate and irreparable harm that can be avoided by precluding the unvaccinated child from attending the event.

15. Moreover, because the evening (7 p.m.) event seeks to encourage parents and grandparents to contribute monies to Shulamith and will have no negative impact on the grades of the excluded child, the balancing of the equities favors Shulamith.

16. Shulamith is preceding by order to show cause rather than by notice of motion because the event in question is on the evening of May 28, and Shulamith only received the letter from the Appeals Coordinator, purporting to extend the stay to an after-school evening activity, late in the day on Thursday, May 23, 2019, and because the courts were closed on Memorial Day.

17. I am advised that on May 24 Shulamith's attorney notified "Kirti" in the Office of Counsel of the State Education Department (the Appeals Coordinator having taking the day off) by telephone that we would be seeking a temporary restraining order from the Eastern District on Tuesday, January 28, 2019. I am advised by Shulamith's counsel that he today advised both the Appeals Coordinator and counsel for the ▓▓▓▓▓ that he would be seeking today an order to show cause with temporary restraining order in the Eastern District of New York.

18. Because the Commissioner's stay order violates the First Amendment to the United States Constitution and is invalid, Shulamith will likely prevail on the merits of this action.

19. Further, if this Court does not enter the requested temporary restraining order, Shulamith would have to either cancel the event or advise all those attending that an unvaccinated child will be present. It is Shulamith's belief that numerous parents, grandparents will then refuse to come to the event.

20. Shulamith has no adequate remedy at law and is entitled to the temporary restraining order and a preliminary injunction.

21. Plaintiff has not previously sought the relief requested herein from this or any other court.

WHEREFORE, Shulamith respectfully requests that the court enter the requested temporary restraining order and preliminary injunction and grant to Shulamith such further relief as is just.

Dated: Cedarhurst, New York
May 28, 2019

*Michelle (Malka) Fishman*
Michelle (Malka) Fishman