

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ▮▮▮▮▮ and ▮▮▮▮▮ on behalf of ▮ ▮▮▮▮▮ and ▮▮▮▮▮ from action of the SHULAMITH SCHOOL FOR GIRLS regarding denial of application for religious exemption from immunizations

Appeal No. 21062

**VERIFIED ANSWER**

Shulamith School for Girls, the respondent herein ("Shulamith" or "Respondent") answers the Verified Petition (the "Petition") of ▮▮▮▮▮ and ▮▮▮▮▮ ("Petitioners") as follows:

1. Denies the allegations set forth in paragraph 1 of the Petition, except admits that Petitioners submitted to Respondent a written statement requesting a religious exemption from the vaccination requirements of New York State law, and that Respondent properly denied Petitioners' request.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Petition, except admits that subsequent to having provided certifications in prior years, ▮▮▮▮▮ attended Shulamith for a period of time without having provided certifications that they had received the immunizations required by New York law.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Petition, except admits that Perry Tirschwell was the previous Executive Director of Shulamith and that beginning in August of 2017, Michelle (Malka)

Fishman has been and continues to be the Executive Director of Shulamith, and respectfully refers to the email referred to in paragraph 3 for its contents and to any voicemail for its contents.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Petition, except admits that Rookie Billet, school principal, sent an email on October 26, 2017, to Mrs. ▓▓▓▓ and respectfully refers to said email (Exhibit B to Petition) for its contents, and avers that said email from Principal Billet advised Petitioners on October 26, 2017, that their request for a religious exemption was denied, making this Petition untimely.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Petition, except admits that ▓▓▓▓ sent an email on October 26, 2017, to Principal Billet at Shulamith, and respectfully refers to said email for its contents.

6. Admits that on November 21, 2018, Shulamith sent Petitioners a letter, which the Petition quotes in part and out of context, and respectfully refers to said letter for its contents.

7. Denies the allegations set forth in paragraph 7 of the Petition, except admits that Petitioners submitted a Request for Religious Exemption to Immunization and a letter from a Rabbi Ben-Haim and respectfully refers to said documents for their contents.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Petition, and respectfully refers to Exhibit E for its contents.

9. Admits that Petitioners had previously vaccinated their children as alleged in paragraph 9 of Petition, and avers that Petitioners had submitted Requests for Religious

2

Exemption sworn to on November 14, 2012, true copies of which are annexed hereto as Exhibit 1, and further avers that subsequent to November 14, 2012, Petitioners continued to have their children vaccinated and to submit certifications to Shulamith (*see* Petitioners' November 8, 2015 letter, part of Exhibit E to Petition, at 4th page, 3rd full paragraph), as requested by the Shulamith school nurses (*see* Exhibit 2 hereto).

10.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Petition, and avers on information and belief that Petitioners continued to have their children vaccinated for two years after submitting Exhibit 1 hereto, as admitted in the Petition and Exhibit E thereto, thereby conceding that their Request for Religious Exemption was neither genuine nor sincere.

11.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 11, 12 and 13 of the Petition.

12.   Denies the allegations set forth in paragraph 14 of the Petition.

13.   Admits as alleged in paragraph 15 and 16 that by letter dated December 13, 2018, Respondent confirmed its October 26, 2017 denial of Petitioners' Request for Religious Exemption, and respectfully refers to said letter for its contents.

14.   Denies the allegations set forth in paragraph 17 of the Petition, and respectfully refers to Exhibit D to the Petition, Respondent's letter dated November 21, 2018, which explicitly requested Petitioners to submit any "supporting documentation, including any halachic responsa, correspondence, and/or any other documentation upon which the parent or guardian is relying to evidence a 'sincerely held religious objection to immunization' …," and invited "a

3

meeting at a time and place convenient to you . . . so that you can discuss and talk through whatever concerns you might have."

15. Denies the allegations set forth in paragraphs 18-25 of the Petition, which contain legal arguments which will be addressed in Respondent's Memorandum of Law which shall be served and filed in accordance with Sections 276.4 and 276.11(f) of the Regulations of the Commissioner.

16. Denies the allegation set forth in paragraphs 26-38 of the Petition, and respectfully refers to the Affidavit of Michelle Fishman in Opposition to Petitioners' Request for Stay, sworn to December 30, 2018, and previously submitted herein, a copy of which is annexed hereto as Exhibit 3, and to the extent that said paragraphs 26-38 of the Petition make legal arguments, respectfully refers to Respondent's Memorandum of Law to be served and submitted in accordance with the Regulations of the Commissioner, Sections 276.4 and 276.11(f).

17. Denies the allegations set forth in paragraphs 39-45 of the Petition, which contain legal arguments, and respectfully refers to page 3, paragraph 6 of the Petition which confirms that Shulamith explicitly requested that Petitioner provide further explanation and supporting documents, and respectfully refers to Respondent's Memorandum of Law to be submitted hereafter.

18. Denies the allegations set forth in paragraphs 46 and 47 of the Petition, and avers that the initial "denial" was set forth in a writing dated October 26, 2017, Exhibit B to the Petition, making the instant Petition untimely.

19. Denies the allegations set forth in paragraphs 48-58 and 60 of the Petition.

4

## FIRST AFFIRMATIVE DEFENSE

20. The Petition is dated December 20, 2018.

21. Respondent advised Petitioners in writing on October 26, 2017, that their Request for Religious Exemption was denied, and directed Petitioners to provide their "plan for getting your girls all the required immunizations." *See* Exhibit B to Petition.

22. Accordingly, the Petition is untimely and must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

23. As set forth in the Affidavit in Opposition annexed as Exhibit 4 hereto and made a part hereof, the religious belief of Shulamith is that as a matter of Jewish law all students must be vaccinated in order to attend the school.

24. Shulamith hereby affirms its belief as a Jewish day school required to follow Jewish law (Halacha) that under Jewish law all students must be vaccinated against the diseases as set forth in and required by New York Education Law §914, New York Public Health Law §2164, and Department of Health Regulation 10 NYCRR §66-1.3.

25. Shulamith hereby further affirms that its sincerely held and genuine religious (Jewish) belief is that pursuant to Halacha (a) every student must be immunized, and (b) any student who is not immunized is prohibited from attending the school.

26. Under the First Amendment to the United States Constitution, where there is a dispute between the religious beliefs of a plaintiff and a defendant or a petitioner and a respondent that must be resolved in order to adjudicate the controversy, the courts or

administrative bodies, in this case the Commissioner of Education, are precluded by the Free Establishment of Religion Clause and New York's church autonomy doctrine from entertaining or considering the dispute.

27. Because the Court of Appeals of the State of New York has stated that the "First Amendment forbids civil courts from interfering in or determining religious disputes...," the Commissioner must refrain from determining or considering this appeal and must dismiss this Petition. *In re Congregation Yetev Lev D'Satmar, Inc.*, 9 N.Y.3d 282 (2007).

### THIRD AFFIRMATIVE DEFENSE

28. Petitioners have very explicitly based there application for a religious exemption on the Jewish religion.

29. In or about 2017, Petitioners sent Respondent a number of articles authored by Petitioners' attorneys, the same attorneys representing them here, along with threats of a lawsuit against Shulamith.

30. It is most apparent that Petitioners have attempted to structure their request within the framework outlined by their attorneys' articles and in the form and substance of requests used by parents in other schools, including those in which their attorneys were involved. *See, e.g.*, Exhibit C to Petition, page 1.

31. It became apparent that Petitioners' request was largely prepared based on submissions made by others to different schools, and it appears likely that Petitioners' request was drafted or edited by their attorneys.

6

32. The absence of any Halachic authority confirmed Shulamith's determination that the request for religious exemption was neither genuine nor sincere nor based on religious beliefs.

33. Respondent's denial of Petitioners' request was not capricious in that all the principals of the various Shulamith Schools as well as members of the Shulamith Board of Trustees carefully reviewed all the submissions made by Petitioners and concluded that the request was not based on genuine and sincerely held religious beliefs.

34. Respondent's denial of Petitioners' request was not arbitrary in that it was based on a thorough understanding of Jewish law and review of Jewish authorities as well as consultation with rabbinic authorities.

35. The unanimous conclusion was that Petitioners were trying to avoid further immunization of their children for their own purposes but not based on any sincerely held or genuine religious beliefs.

36. In addition, as set forth above, after applying in 2012 for a religious exemption, Petitioners continued to vaccinate their children for another two years in order to keep their daughters at Shulamith.

37. Petitioners have failed to meet their burden of proof.

38. Because Shulamith's determination was neither (a) arbitrary nor (b) capricious, Petitioners' appeal must be denied in all respects if it is not dismissed as required by Respondent's First and Second Affirmative Defenses.

7

WHEREFORE, Shulamith respectfully requests that the Commissioner dismiss the Petition in its entirety or, in the alternative, deny the relief requested therein, vacate the Stay previously entered, and grant to Shulamith such further relief as is just.

Dated: January 24, 2019

                                                  Respectfully submitted,

                                                  Putney, Twombly, Hall & Hirson LLP
                                                  *Attorneys for Shulamith School for Girls*

By: _____
                                                  Philip H. Kalban, Esq.
                                                  521 Fifth Avenue, 10th Floor
                                                  New York, New York 10175
                                                  (212) 682-0020
                                                  pkalban@putneylaw.com

TO:    Lindsie V. Alterkun, Esq.
          Chesney & Nicholas, LLP
          *Attorneys for Petitioners*
          485 Underhill Boulevard, Suite 308
          Syosset, New York 11791
          (516) 378-1700
          l.alterkun@chesneynicholas.com

## VERIFICATION

STATE OF NEW YORK )
                                 ) : ss
COUNTY OF NASSAU )

MICHELLE FISHMAN, being duly sworn, deposes and says that she is the Executive Director of Shulamith School for Girls, Respondent in this proceeding; that she has read the annexed answer and knows the contents thereof; that the same is true to her knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, she believes it to be true.

_____
MICHELLE FISHMAN

Subscribed and sworn to before me
this ___ day of January, 2019.

_____
Notary Public

TAMAR RADER
Notary Public, State of New York
No. 41-4781668
Qualified in Queens County
Certificate Filed in New York County
Commission Expires August 31, 2021