# EXHIBIT 4

STATE OF NEW YORK
STATE EDUCATION DEPARTMENT

In the Matter of ██████████ nd ██████████ n behalf of ██████████ and ██████████, from action of the SHULAMITH SCHOOL FOR GIRLS regarding denial of application for religious exemption from immunizations

Appeal No. 21062

**AFFIDAVIT IN OPPOSITION**

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

MICHELLE FISHMAN, being duly sworn, deposes and says:

1. I am the Executive Director of the Shulamith School for Girls (the "School"), and have been employed in such capacity since on or about August 3, 2017.

2. As can be seen from the Petition herein and the exhibits thereto, Petitioners' claim for a religious exemption is based solely on Jewish law.

3. As shown in my December 30, 2018 affidavit submitted herein as Exhibit 2, and in Principal Billet's email of October 26, 2017, Exhibit B to the Petition, the School analyzed carefully Petitioners' request for a religious exemption and concluded that it was not based on a genuine and sincerely held religious belief.

4. The burden of proof, accordingly, shifted to Petitioners to demonstrate that their request was based on Jewish beliefs. Petitioners submitted one letter from a rabbi, which failed to provide any religious basis under Jewish law or otherwise for objecting to immunizations, vaccinations or inoculations.

5. Our denial of Petitioners' request for a religious exemption was entirely appropriate, and the Petition does not demonstrate otherwise.

6. As determined by the court in *NM v. Hebrew Academy of Long Beach*, 155 F. Supp.3d 247 (E.D.N.Y. 2016), Petitioners' objections to vaccinations and immunizations more closely comport with the principles of living in accordance with the order of nature, indicating selective personal beliefs against the practice of vaccinating, not fundamental religious beliefs, especially not Jewish beliefs on which Petitioners claim to rely. None of Petitioners' documents support their request for a religious exemption.

7. As shown by Exhibit A hereto, the current measles outbreak in orthodox Jewish communities and day schools is a serious problem. The City of New York has barred students who are not immunized from attending school even if they have religious exemptions. There is no question that children from Brooklyn Jewish day schools and their families associate with children who attend our School and other "Five Towns" Jewish day schools, putting our students at risk.

8. As shown in Exhibit B hereto, Jewish law, which constitutes the basis for the beliefs of Shulamith School for Girls, not only does not provide any basis for an exemption from immunization but, to the contrary, *requires* each student to be immunized in order to attend school.

9. We subscribe to the religious positions and interpretations set forth by the rabbis in Exhibit B hereto. Accordingly, it is the *religious belief* of the Shulamith School for Girls that all students must be vaccinated in order to attend the School.

10. Under the First Amendment to the United States Constitution, where there is a dispute between the religious beliefs of a school and of a parent, the courts or administrative body, in this case, the Department of Education, are precluded by the church autonomy doctrine from entertaining or considering the dispute. *See, e.g., Flynn v. Estevez*, 221 So 3d 1241 (Court of Appeal of Fla., 1st Dist. 2017). A copy of the *Flynn* decision is annexed hereto

2

as Exhibit C.

11. As stated in *Flynn*, the Jewish parents' statutory religious exemption request runs head-on into the Jewish religion's constitutional religious freedoms to operate its Jewish school in accordance with Jewish law and without governmental interference. This governmental administrative body must abstain from deciding competing religious views. *See also, Mays v. Burrell*, 124 A.D.2d 714 (2d Dep't 1986), *In re Congregation Yetev Lev D'Satmar, Inc.*, 9 N.Y.3d 282 (2007) (forbidding under the First Amendment judicial intrusion into matters of religious doctrine. "The First Amendment forbids civil courts from interfering in or determining religious disputes…").

12. Accordingly, Respondent respectfully requests that the Commissioner of Education deny the request of Petitioners for a stay, and Respondent further requests that the Commissioner dismiss this proceeding and appeal pursuant to the Free Establishment of Religion Clause of the United States Constitution.

Michelle Fishman

Sworn to before me this
11th day of January, 2019

Notary Public

ANNA MIECZKOWSKA
Notary Public - State of New York
NO. 01MI6137585
Qualified in Nassau County
My Commission Expires Jan 30, 2022

H:\PHK\AFFS\SHULAMITH re AFFIDAVIT Opposition 1-11-19.docx